## No. 891

## STATE v. BROWN

Ohio Appeals, 2nd District, Franklin County
No. 1129. Nov. 8, 1923

### 225. INTOXICATING LIQUORS.

Confiscation of property must be ordered by court.

ALLREAD, J.

### Epitomized Opinion

Defendant was arrested under a charge in Municipal Court of illegal possession of intoxicating liquors in a certain touring car. The automobile was seized by the officers under authority of 6212-43 GC. The Municipal Court found defendant guilty and fined him $600. Defendant prosecuted error to the Common Pleas, where the judgment and sentence were affirmed as to charge of unlawful possession and reversed as to the seizure and confiscation of the automobile. The State prosecuted error to this court as to the reversal. Held:

The record does not show that the Municipal Court made any order as to the confiscation of the automobile. The statute provides that unless good cause to the contrary is shown by the owner the property seized shall be sold at auction. Until that question is determined there is no final order as to the confiscation of the automobile. The case is still pending in the Municipal Court on that issue. The judgment of the Common Pleas affecting the confiscation of the automobile is vacated. Case remanded to the Municipal Court for further proceedings.

Attorneys—Chas. A. Leach and Baxter Evans, for defendant; E. J. Gredy, Columbus, for State.

## SUPREME COURT

(Continued from Page 845)

## No. 890

## TOLEDO, C. & O. R. et al v. MILLER

Ohio Supreme Court

No. 17663. Decided June 26, 1923

Error to Court of Appeals of Cuyahoga County

### 311. RAILROADS.

Speed ordinance not invalid as imposing "fine."

### 373-1. DAMAGES.

Verdict—$75,000 verdict held not excessive for loss of both legs.

DAY, J.

### Epitomized Opinion

Miller, who had both legs cut off by defendant's train at a railway crossing in Cambridge, O., obtained a verdict and judgment in the Common Pleas for $75,000. An ordinance of the city limited the speed of trains to four miles per hour and provided that the offender should be fined not more than $15 or less than $5. The Common Pleas had admitted this ordinance in evidence and defendant brought error proceedings, contending that the ordinance was an attempt by criminal proceedings to enforce a right given by 3781 GC., which simply gives power to recover from any such person violating such ordinance, and therefore was invalid and inadmissible and that it was moreover unreasonable and should have been declared void. The Court of Appeals affirmed the judgment and the Supreme Court, in affirming the Court of Appeals, held:

1. The word "fined" as used in the ordinance merely fixed the pecuniary penalty that should be assessed for a violation of the ordinance. There was no provision as to the means by which the penalty was to be collected, such as by arrest or imprisonment. The ordinance was not in conflict with general laws and was admissible.

2. The ordinance was not so clearly and manifestly unreasonable as to justify the court in declaring it void.

3. Defendants were not entitled to judgment as a matter of law for the reason that there was some evidence to warrant the inference that plaintiff was exercising due care.

4. The verdict in view of all the circumstances was not manifestly excessive and does not appear to have been rendered under the influence of passion or prejudice.

Marshall, C. J., and Wanamaker and Allen, JJ., concur.

Matthias, J., concurs in syllabus but not in judgment.

Attorneys—Robert T. Scott, Cambridge, and Squire, Sanders & Dempsey, Cleveland, for Railroad; Payer, Winch, Minshall & Karch, Cleveland, for Miller.